IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. BRAY,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 16-cv-00337-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Robert J. Bray's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Bray's motion.

1. **Background**

On September 8, 2011, Petitioner pleaded guilty to three counts of distribution of a mixture and substance containing cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Bray*, Case No. 11-cr-40048 (Doc. 19). On January 12, 2012, the undersigned Judge sentenced Bray to 168 months imprisonment on each count to run concurrently, three years supervised release, a $300 special assessment, and a $300 fine. (Doc. 26, 11-cr-40048). Bray was determined to be a career offender under the meaning of U.S.S.G. § 4B1.1.based on "prior convictions for aggravated battery (case number 03-CF-125), conspiracy to distribute cocaine base (case number 95-40003-07), and first degree trafficking a controlled substance (case number 07-CR-689).)" Bray did not appeal his conviction or sentence.

Bray filed this § 2255 motion on March 28, 2016. A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). Bray asserts that his petition has been filed within one year of the date on which the right asserted was initially recognized by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). As such, Bray's § 2255 motion was timely filed.

In his § 2255 motion, Bray argues that his aggravated battery case is no longer a qualifying predicate offense for applications of the career offender enhancement pursuant to *Johnson*.

**2. Analysis**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Besides his convictions for aggravated battery, Bray had incurred two prior convictions for conspiracy to distribute cocaine base and for first degree trafficking a controlled substance. Two prior felony drug convictions were enough to make him a career offender when he committed the federal drug distributions crimes, *see* U.S.S.G. §4B1.1(a) & cmt.n.1, 4B1(2); *United States v. Black*, 636 F.3d. 893, 898 (7th Cir. 2011). Therefore, his career offender status

was not determined solely by his aggravated battery conviction and his two qualifying drug convictions were predicate offenses which do not involve the residual cause struck down by the *Johnson* decision. As such, Bray is not entitled to receive any relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) or any other argument presented with regard to his aggravated battery conviction as it relates to the career offender enhancement.

Bray offers no additional arguments or facts of errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice. Therefore, Bray is entitled to no relief.

3. **Certificate of Appealability**

Having denied Bray's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Bray has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a). Bray may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4. **Conclusion**

Accordingly, this Court **DENIES** Bray's § 2255 Motion (Doc. 1) and **DISMISSES** this action. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** 4/4/2016                    *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**