## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. BRAY,

       Petitioner,

    vs.                                                            Case No. 16-cv-00337-JPG

UNITED STATES OF AMERICA,

       Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Robert J. Bray's  Motion (Doc. 5) for Reconsideration and Motion (Doc. 12) to Appeal *in forma pauperis*.

Petitioner filed his § 2255 motion on March 28, 2016, arguing that  his aggravated battery case was no longer a qualifying predicate offense for applications of the career offender enhancement pursuant to *Johnson*.   However, the Court determined that the Petitioner had incurred two prior convictions for conspiracy to distribute cocaine base and for first degree trafficking a controlled substance. Two prior felony drug convictions were enough to make him a career offender even if the Court had disregard his aggravated battery, *see* U.S.S.G. §4B1.1(a) & cmt.n.1, 4B1(2); *United States v. Black*, 636 F.3d. 893, 898 (7th Cir. 2011).  Therefore, his career offender status was not determined solely by his aggravated battery conviction and his two qualifying drug convictions were predicate offenses which do not involve the residual cause struck down by the *Johnson* decision.

As such, Bray was not entitled to receive any relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015) or any other argument presented with regard to his aggravated battery conviction as it relates to the career offender enhancement.

The Court further denied a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  The Court determined that the petitioner had not made a substantial showing of the denial of a constitutional right as required by Section 2253(c)(2).  The Court did advise petitioner that he could seek a certificate from the Court of Appeals for the Seventh Circuit.

Petitioner now moves the Court to reconsider its determination in this matter.   Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In this case, Petitioner does not cite to any new controlling law (other than initial citied in his § 2255 motion) and he does not point to any manifest error of law or fact.  He further does

not address the basis on which his motion was denied.  A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled.  *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992).  However, petitioner has provided no facts that would even suggest the basis for his motion for reconsideration. Therefore, petitioner Robert J. Bray's  Motion (Doc. 5) for  Reconsideration is **DENIED**.

With regard to petitioner's motion for leave to appeal *in forma pauperis,* a federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1) and (3); Fed. R. App. P. 24(a)(3)(A).  A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court has no doubt that the Plaintiff is indigent.  However, as outlined above, there does not appear to be any legal points that are reasonably arguable on their merits.  Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith and accordingly **DENIES** the Plaintiff's Motion for Leave to proceed on appeal *in forma pauperis* (Doc. 12).  The Clerk of Court is **DIRECTED** to send a copy of this order to the United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED:**  6/13/2016            *s/J. Phil Gilbert*
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**